# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| D'JANGO HENDRIX, | Case No. 1:17-cv-623 |
| Petitioner, | |
| vs. | Judge Timothy S. Black |
| | Magistrate Judge Stephanie K. Bowman |
| WARDEN, LEBANON CORRECTIONAL INSTITUTION, | |
| Respondent. | |

## DECISION AND ENTRY
## ADOPTING THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 14)

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on July 31, 2018, submitted a Report and Recommendation. (Doc. 14). No objections were filed.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that the Report and Recommendation should be and is hereby **ADOPTED** in its entirety.

Accordingly, for the reasons stated above:

1) The petition (Doc. 1) is hereby **STAYED** and **TERMINATED** on the Court's active docket pending Petitioner's exhaustion of his Ohio remedies. The stay is conditioned on Petitioner's filing a motion to reinstate the case on this Court's active docket within thirty (30) days after fully exhausting his state court remedies through the requisite levels of state appellate review. Petitioner

1

will be granted leave to reinstate the case on the Court's active docket when he has exhausted his Ohio remedies based on a showing that he has complied with the conditions of the stay.

2) A certificate of appealability will not issue under the standard set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000), which is applicable to this case involving a recommended stay of the petition so that petitioner can exhaust available state court remedies. *Cf. Porter v. White*, No. 01-cv-72798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *Henry v. Dep't of Corrections*, 197 F.3d 1361 (11th Cir. 1999) (pre-*Slack* case)) (certificate of appealability denied when case dismissed on exhaustion grounds). *See generally Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn*, 115 F.3d 201, 203–206 (3rd Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order). "Jurists of reason" will not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state court remedies and that the case is stayed (as opposed to dismissed without prejudice) pending exhaustion of such remedies.

3) The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal of this Order would not be taken in good faith and therefore DENIES petitioner leave to appeal in forma pauperis. *See* Fed. R.App. p. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED**.

Date: 9/4/2018    */s/ Timothy S. Black*
              Timothy S. Black
              United States District Judge