UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

D'JANGO HENDRIX,
    Petitioner,

vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:17-cv-623

Black, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

This pro se habeas corpus action filed pursuant to 28 U.S.C. § 2254 is before the Court on petitioner's motion to expand the record (Doc. 27) and motion for an extension of time (Doc. 35). This case was previously administratively stayed to afford petitioner the opportunity to exhaust his state court remedies. (Doc. 20). After the case was reopened and respondent filed a return of writ, petitioner filed a motion to expand the record and motion for an extension of time to file a traverse. (Doc. 27). In the motion, petitioner seeks to expand the record to include the following, which petitioner refers to as lettered attachments:

    A. Affidavit of Frank P. Miller, III, MD. Hendrix claims this was filed as an exhibit to his post-conviction relief petition and Rule 60(B) motion for relief from judgment (ECF Nos. 24, 39, PageID 1434)

    B. Affidavit of John H. Forg, Trial Counsel (filed as exhibits to post-conviction relief petition and Rule 60(B) motion for relief from judgment)

    C. Clearer version of Defense Trial Exhibits 1-12, "to be provided by Petitioner" (emphasis added)

    D. Crime Scene Photos taken 1-11-14 ("to be provided by petitioner") (emphasis added)

    E. Donald Raines Police Interview/Trial Transcripts (Exhibit to post-conviction petition and Rule 60(B) motion for relief from judgment (ECF Nos. 24, 39, PageID 1434

    F. Jay Dillon Police Interview Trial Transcripts (Exhibit to post-conviction petition and Rule 60(B) motion for relief from judgment (ECF Nos. 24, 39, PageID 1434)

    G. Authorization for Release of Medical Information from University of Cincinnati Medical Center (Exhibits to post-conviction relief petition and Rule 60(B) motion for relief from judgment (Exhibits 24, 29, 41)

    H. Affidavit, Gary Rini, Exhibits to post-conviction petition (Exhibits 18, 19, PageID 1434, 1480)

(*Id.* at PageID 1602). Petitioner further seeks an extension of time to file a traverse in order to incorporate the requested materials in his reply to the return of writ.

Petitioner claims that the above materials support his grounds for relief, including Ground Three of the petition, in which petitioner claims that his trial counsel was ineffective for failing to present medical, ballistic, and forensic witnesses and evidence. Petitioner maintains that the evidence not investigated or presented at trial contradicts the prosecution's case and would have supported his theory of self-defense. Petitioner has raised this claim in a post-conviction petition which is currently pending on appeal with the Ohio Court of Appeals. As discussed below, petitioner claims that he included the majority of the documents with which he seeks to expand the record as an attachment to his post-conviction petition.

Respondent opposes the motion to expand the record in part. (Doc. 31). To the extent that the documents were part of the trial record or have already been made part of the record in this action, respondent does not oppose the motion. However, respondent contends that despite petitioner's claim that attachments A, B, E, F, and G were exhibits to his July 31, 2019 motion for post-conviction relief, they are not included in the state court record and the motion should be denied with respect to those documents.

Following respondent's claim that the above documents are not reflected as attachments to his post-conviction petition, petitioner has been granted several extensions of time, based on petitioner's efforts to certify the state court record.[1] As indicated above, petitioner claims that the majority of the documents were part of the state court record, submitted as attachments to his July 31, 2019 post-conviction petition.[2] Petitioner's most recent extension motion seeks an extension of time to allow the state court to rule on his motion to certify the record, which is currently pending in the Ohio Court of Appeals and the case is scheduled for a hearing on August 10, 2021.[3] (Doc. 35). Petitioner indicates that the motion was filed in response to respondent's opposition to his motion to expand the record in this case and details his efforts to resolve why the above documents are not included in the state court online docket records. (*See id.* at PageID 1633-37).

When the state courts have adjudicated a claim on the merits, this Court is not permitted to consider evidence outside the state-court record in assessing, under the applicable the standard

---

[1] Petitioner has moved for and been granted extensions of time on March 23, 2021, April 20, 2021, and May 25, 2021. (*See* Doc. 32, 33, 34). Rather than continue to grant petitioner motions for extensions of time, the undersigned finds a stay is appropriate while petitioner attempts to certify the state court record in this case.

[2] Review of the July 31, 2019 post-conviction motion suggests that the exhibits may have been attached to the motion. The motion references the Miller and Forg affidavits, as well as the other documents underlying petitioner's motion to expand the record in this case. (*See* Doc. 24, Ex. 39 at PageID 1445-49). The State similarly references the affidavits in response to the motion. (*Id.*, Ex. 40 at PageID 1478). The undersigned further notes that the Ohio Court of Appeals previously stayed the adjudication of petitioner's appeal of the denial of another petition so that petitioner could seek certification from the trial court after defense exhibits did not appear in the appellate record. (*See* Doc. 24, Ex. 31).

[3] To the extent that the record is not certified before the August 10, 2021 hearing, petitioner indicates that he will request that his appeal in the Ohio Court of Appeals be stayed. (Doc. 35 at PageID 1636). The Hamilton County Clerk of Courts online docket records were viewed at www.courtclerk.org/records-search/ under Case No. C1900701. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

of review set forth in 28 U.S.C. § 2254(d), whether the state courts' rulings were contrary to or involved an unreasonable application of clearly-established Supreme Court precedents, or were based on an unreasonable determination of the facts. *See Cullen v. Pinholster,* 131 S.Ct. 1388, 1398 (2011); *see also Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir.), *cert. denied*, 133 S.Ct. 141 (2012); *Robinson v. Howes,* 663 F.3d 819, 823 (6th Cir. 2011); *Sheppard v. Bagley,* 657 F.3d 338, 343-44 (6th Cir. 2011). In order for this Court to determine whether the documents underlying petitioner's motion to expand the record are properly part of the state court record in this habeas corpus proceeding and can be considered in the adjudication of petitioner's grounds for relief, this matter should be stayed so that the Ohio courts can have an opportunity to rule on petitioner's pending motion to certify the state court record. Furthermore, because petitioner's pending appeal raises ineffective assistance of counsel claims also presented in his habeas corpus petition, the stay would also enable the Ohio Court of Appeals to issue a judgment on the pending appeal and, if necessary, for petitioner to seek further appeal to the Ohio Supreme Court.

Accordingly, it is **RECOMMENDED** that this matter be stayed pending the adjudication of petitioner's motion to certify the record and pending appeal in the Ohio Court of Appeals Case No. C1900701. To ensure that judicial and administrative resources are conserved, it is **FURTHER RECOMMENDED** that the stay take the form of an administrative stay and that the case be terminated on the Court's active docket.

The stay should be conditioned on petitioner filing a motion to reinstate this action within **thirty (30)** days after the Ohio courts have ruled on his motion to certify the record and the Ohio Court of Appeals and Ohio Supreme Court have ruled on his pending appeal.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The petition (Doc. 1) be administratively **STAYED** and **TERMINATED** on the Court's active docket pending the adjudication of petitioner's motion to certify the record and pending appeal in the Ohio Court of Appeals Case No. C1900701. The stay should be conditioned on petitioner's filing a motion to reinstate the case on this Court's active docket **within thirty (30) days** of the Ohio court ruling on his motion to certify the record and the Ohio Court of Appeals and Ohio Supreme Court have ruled on his pending appeal. Petitioner should be granted leave to reinstate the case on the Court's active docket based on a showing that he has complied with the conditions of the stay.

2. In light of this recommendation, the motion to expand the record (Doc. 27) should be **DENIED without prejudice** subject to refiling upon reopening this case. The motion for an extension of time (Doc. 35) should be **DENIED**.

3. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000), which is applicable to this case involving a recommended stay of the petition so that petitioner can exhaust available state-court remedies. *Cf. Porter v. White,* No. 01-CV-72798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *Henry v. Dep't of Corrections,* 197 F.3d 1361 (11th Cir. 1999) (pre-*Slack* case)) (certificate of appealability denied when case dismissed on exhaustion grounds). *See generally Carmichael v. White,* 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn,* 115 F.3d 201, 203–206 (3d Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order). "Jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state-court remedies and

that the case should be stayed (as opposed to dismissed without prejudice) pending exhaustion of such remedies.[4]

4. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

   *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[4] Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack*, 529 U.S. at 484.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| D'JANGO HENDRIX,<br>    Petitioner, | Case No. 1:17-cv-623 |
| vs. | Black, J.<br>Bowman, M.J. |
| WARDEN, LEBANON<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).