# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| D'JANGO HENDRIX, | : | Case No. 1:17-cv-623 |
| Petitioner, | : | Judge Timothy S. Black |
| vs. | : | Magistrate Judge Stephanie K. Bowman |
| WARDEN, LEBANON CORRECTIONAL INSTITUTION, | : | |
| Respondent. | : | |

## DECISION AND ENTRY
## ADOPTING THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 36)

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Stephanie K. Bowman. 28 U.S.C. § 636 (b). Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on August 10, 2021, submitted a Report and Recommendations. (Doc. 36). No objections were filed, and the time for filing objections has since expired.

The Court has reviewed the Report and Recommendations, is satisfied that there is nothing clearly erroneous or contrary to law on the face of the record, and accepts the Magistrate Judge's recommendations. Fed. R. Civ. P. 72.

Accordingly:

1. The Report and Recommendations (Doc. 36) is hereby **ADOPTED**;

2. The petition (Doc. 1) is administratively **STAYED** and **TERMINATED** on the Court's active docket pending the adjudication of Petitioner's motion to certify the record and pending appeal in the Ohio Court of Appeals Case No. C1900701. The stay is conditioned on Petitioner filing a motion to

      reinstate the case on this Court's active docket <u>within 30 days</u> of the Ohio court ruling on his motion to certify the record and the Ohio Court of Appeals and Ohio Supreme Court have ruled on his pending appeal. Petitioner is granted leave to reinstate the case on the Court's active docket based on a showing that he has complied with the conditions of the stay.

3. The motion to expand the record (Doc. 27) is **DENIED** without prejudice, subject to refiling upon reopening this case.

4. The motion for extension of time (Docs. 35) is **DENIED**.

5. A certificate of appealability **SHALL** not issue under the standard set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000), which is applicable to this case involving a recommended stay of the petition so that petitioner can exhaust available state-court remedies. *Cf. Porter v. White*, No. 01-CV-72798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *Henry v. Dep't of Corrections*, 197 F.3d 1361 (11th Cir. 1999) (pre-*Slack* case)) (certificate of appealability denied when case dismissed on exhaustion grounds). *See generally Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn*, 115 F.3d 201, 203–206 (3d Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order). "Jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state-court remedies and that the case should be stayed (as opposed to dismissed without prejudice) pending exhaustion of such remedies.

6. The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal of this Order would not be taken in good faith and therefore **DENIES** Petitioner leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED.**

Date:   8/31/2021                                         *s/Timothy S. Black*
                                                                          Timothy S. Black
                                                                          United States District Judge