IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

D'JANGO HENDRIX,

        Petitioner,   :   Case No. 1:17-cv-623

- vs -                        District Judge Timothy S. Black
                                      Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
 Institution,

                                              :
        Respondent.

## ORDER DISSOLVING STAY

This habeas corpus action, brought *pro se* by Petitioner D'Jango Hendrix under 28 U.S.C/ § 2254 to obtain relief from his convictions in the Hamilton County Court of Commons Pleas for attempted murder and associated crimes, is before the Court on Petitioner's Motion to Reinstate Habeas Action to Active Court Docket (ECF No. 38). The Motion was filed April 12, 2022. The time for opposing the Motion under S. D. Ohio Civ. R. 7.2 has expired and the Motion has not been opposed.

On August 21, 2021, District Judge Timothy Black adopted the recommendation of Magistrate Judge Stephanie Bowman[1] that the case be "administratively stayed pending the adjudication of petitioner's motion to certify the record and pending appeal in the Ohio Court of Appeals Case No. C1900701." (Order, ECF No. 37, adopting Report and Recommendation, ECF

---

[1] The Magistrate Judge reference in this case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in this District.

No. 36, PageID 1687). Judge Bowman further recommended that "[t]he stay should be conditioned on petitioner filing a motion to reinstate this action within **thirty (30)** days after the Ohio courts have ruled on his motion to certify the record and the Ohio Court of Appeals and Ohio Supreme Court have ruled on his pending appeal." (Report, ECF No. 36, PageID 1687). Judge Black granted the stay on that condition (ECF No. 37, PageID 1691-92).

The Stay was entered August 31, 2021. Hendrix represents that the appeal was decided against him October 1, 2021, and he unsuccessfully sought reconsideration en banc and then sought to appeal to the Supreme Court of Ohio. In a letter to Petitioner dated February 14, 2022, the Clerk of the Supreme Court of Ohio informed Petitioner that his appellate papers were not filed in that Court because they were untimely (Motion, ECF No. 38-1, PageID 1723). Petitioner apparently tried unsuccessfully thereafter to obtain review by the Supreme Court of Ohio.[2]

Although Petitioner waited more than thirty days after conclusion of the state court proceedings to move to reinstate, Respondent does not oppose the Motion and it is therefore GRANTED. Respondent is ordered to supplement the State Court Record not later than August 1, 2022, with state court filings after July 24, 2017, when the State's Brief on direct appeal was filed (State Court Record, ECF No. 7, Ex. 27) and Respondent may file an amended return of writ not later than the same date. Petitioner's deadline to file a reply is set at twenty-one days after the supplemented State Court Record is filed.

---

[2] At PageID 1731 as part of an Affidavit, Petitioner avers:
> 5. Affiant, placed the State's copy of. Memorandum in Support of Jurisdiction, to the Ohio Supreme Court, in the L.e.C.l.'s mail receptacle on February 31, 2021, but Affiant, as mentioned above, had the copy for the Ohio Supreme Court, hand delivered, to the Cashier's Office for processing and 11 days for timely delivery. The Motion did not arrive to the Ohio Supreme Court until March 14, 2022, being due March 11, 2022.

None of the referenced documents are included. And it is certain Petitioner did nothing on "February 31, 2021."

The Court has been very generous with extensions of time during the pendency of this case. In the interest of judicial economy, the Court will be much more insistent on the parties' meeting deadlines in the future.

June 13, 2022.

s/ *Michael R. Merz*<br>United States Magistrate Judge