IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

D'JANGO HENDRIX,

        Petitioner,      :      Case No. 1:17-cv-623

- vs -                        District Judge Douglas R. Cole
                                   Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
 Institution,

                                        :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus action is before the Court on Petitioner's Emergency Motion for Extension of Time and/or Injunctive Relief to Stop Transfer (ECF No. 63). Because Hendrix seeks injunctive relief, the Motion requires a report and recommendation from the assigned Magistrate Judge, rather than an order. See 28 U.S.C. § 636(b); Fed.R.Civ.P. 72(b).

Petitioner reports that he is scheduled to be transferred to another unidentified ODRC location on January 25, 2023. He believes the transfer is unwarranted and prays for permanent injunctive relief or at least a temporary restraining order to prevent his transfer until he can file motions for leave to amend and an amended petition plus a motion for evidentiary hearing and to expand the record. He reports that drafts of these motions, which he intends to file by January 30, 2023, are currently stored on the server at the Lebanon Correctional Institution and cannot be transferred. The drafts reportedly comprise 190 pages of text and would have to be re-typed.

All of this is news to the Court. The only additional scheduled filing in the case is Petitioner's reply or traverse, which is due February 15, 2023 (See ECF No. 62). Petitioner's time to file the reply has been extended several times from October 31, 2022. The Court has never set or been asked to set deadlines for the additional matters Hendrix proposes to file; habeas corpus cases are typically ripe for decision with the filing of a traverse/reply.

None of Petitioner's factual assertions are supported by evidence, even so much as a declaration by Petitioner under 28 U.S.C. § 1746 that the facts in the Motion are true. The inability to retrieve and transfer material already digitized and stored on a server at Lebanon Correctional is completely mysterious to the Magistrate Judge. Why can't the drafts be dumped to a flash drive and then uploaded at Petitioner's new location? Typically, transferability of data is a key goal of digitization. In any event, what Petitioner requests is not that the data be transferred, but that his own transfer be enjoined.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. National Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

The factors to be considered in determining whether to issue a preliminary injunction are

> 1) Whether the plaintiffs have shown a strong or substantial likelihood or probability of success on the merits;
>
> 2) Whether the plaintiffs have shown irreparable injury;
>
> 3) Whether the issuance of a preliminary injunction would cause substantial harm to others;
>
> 4) Whether the public interest would be served by issuing a preliminary injunction.

*City of Pontiac Retired Employees Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (en banc);

*Overstreet v. Lexington-Fayette Urban Co. Gov't,* 305 F.3d 566, 573 (6th Cir. 2002); *Nightclubs, Inc. v. City of Paducah,* 202 F.3d 884, 888 (6th Cir. 2000); *Washington v. Reno,* 35 F.3d 1093, 1099 (6th Cir. 1994); *NAACP v. City of Mansfield*, 866 F.2d 162, 166 (6th Cir. 1989); *Frisch's Restaurant, Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985).

Petitioner is not likely to prevail on any motion asking that he be retained at his current location. Management of the location of prisoners within the prison system is uniquely a matter committed to the discretion of the ODRC. Absent some showing, not made here, that ODRC was carrying out a transfer for the purpose of preventing a habeas petitioner from litigating his case, the Court would have no basis to interfere.

Petitioner has not shown he will suffer an irreparable injury. Respondent's counsel is requested to confirm whether Petitioner is correct about data transfer. Assuming that he is, the injury is not irreparable as the Court has not set deadlines for the motions in question which Hendrix admits can be re-typed. That is inconvenient, but not irreparable.

Finally, the public interest is not well served by having federal courts interfere with prisoner transfer decisions if for no other reason than it consumes judicial time and effort without protecting a strong interest of the prisoner in being in any one location.

Accordingly, it is respectfully recommended that the Emergency Motion be DENIED. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 25, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
