## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

D'JANGO HENDRIX,

        Petitioner,  :  Case No. 1:17-cv-623

  - vs -          District Judge Douglas R. Cole
                                          Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
 Institution,

                                        :
        Respondent.

## DECISION AND ORDER

       This habeas corpus action is before the Court on Petitioner's Motion to strike his appeal to Judge Cole for an extension of time until April 7, 2023, to file his Traverse (ECF No. 71).  That Motion is GRANTED because the appeal (ECF No. 69) is moot, as Petitioner recognizes.

       In the second branch of the same Motion Hendrix seeks leave to file with his Traverse (i.e., by April 7, 2023) Motions to (1) amend his Petition, (2) for leave to expand the record, (3) propound interrogatories to trial counsel, post-conviction counsel, and two expert witnesses, (4) and for an evidentiary hearing.  Although he needs leave of court to file an amended petition, he proposes to file the amended petition itself by the same date, apparently assuming the Court will grant his motion to amend without much reflection.

       This case was filed September 15, 2017 (ECF No. 1), more than five and one-half years ago.  Under the Civil Justice Reform Act, federal courts must report to Congress and the public all civil cases which have been pending for more than three years.  On February 5, 2018, Petitioner

1

sought and obtained his first extension of time to file his traverse (ECF No. 9). He has not yet done so. In January, 2023, Hendrix asked the Court to set a schedule for filing additional motions (ECF No. 65). The Court declined, saying it would consider Petitioner's diligence or lack thereof in filing additional motions. However, no substantive motion has been filed in the two months since then. Petitioner has not shown any diligence in filing these additional motions and leave to do so is DENIED.

Hendrix can, of course, appeal this denial to Judge Cole. But because these are non-dispositive pre-trial motions, the denial remains in place and effective unless Judge Cole or the Magistrate Judge stays its effectiveness pending appeal. S. D. Ohio Civ. R. 72.3 provides: "When an objection is filed to a Magistrate Judge's ruling on a non-case dispositive motion, the ruling remains in full force and effect unless and until it is (1) stayed by the Magistrate Judge or a District Judge, or (2) overruled by a District Judge."

The Magistrate Judge believes Petitioner is intentionally trying to avoid having this case become ripe for decision. The record supports this conclusion: as noted above, Petitioner has delayed the filing of his traverse by more than five years and now seeks to delay even further ripeness of the case for decision by the time necessary to rule on all his intended motions. Why a habeas petitioner who needs the writ to regain his liberty would deliberately postpone a final decision is a complete mystery. To date, the Court has been generous in accommodating Petitioner's request for delay whatever his motivation, but will not do so further.

March 31, 2023.

s/ *Michael R. Merz*<br>United States Magistrate Judge