# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

D'JANGO HENDRIX,

        Petitioner,    :    Case No. 1:17-cv-623

 - vs -                              District Judge Douglas R. Cole
                                              Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
 Institution,

                                                :
        Respondent.

## DECISION AND ORDER DENYING MOTIONS FOR LEAVE TO AMEND, TO EXPAND THE RECORD, AND TO CONDUCT DISCOVERY

      This habeas corpus action is before the Court on Petitioner's Motion for Leave to File an Amended Petition (ECF No. 74), Motion for Leave to Expand the Record (ECF No. 75), and Motion for Leave to Conduct Discovery (ECF No. 86).

      When the Motions to Expand and to Amend were filed, the Magistrate Judge noted he would withhold deciding them until Respondent's time to respond under S. D. Ohio Civ. R. 7.2 had expired on April 26, 2023.  That time has now expired and no response has been filed.

**Motion to Amend**

      Petitioner seeks to amend his habeas corpus Petition by adding claims "that trial counsel

1

was ineffective, a compulsory process violation, and that the state violated Petitioner's constitutional rights under *Brady, Napue and Giglio*." (Motion at PageID 2113). A motion to amend under Fed. R. Civ. P. 15 is non-dispositive and thus within the Magistrate Judge's decisional authority. *Monroe v. Houk*, No. 2:07-cv-258, 2016 U.S. Dist. LEXIS 38999 (S.D. Ohio, Mar. 23, 2016)(Sargus, C.J.); *McKnight v. Bobby*, 2017 U.S. Dist. LEXIS 63861 (S.D. Ohio Apr. 27, 2017)(Dlott, D.J.); *Chinn v. Warden*, 2020 U.S. Dist. LEXIS 94062 (S.D. Ohio May 29, 2020)(Morrison, D.J.).

Hendrix begins his Motion with a ten-page section labeled "Background" which consists of statements of fact unsupported by any reference to the prior record in the case or any independent instrument for supporting statements of fact, such as an affidavit. In many places, Hendrix has recited hearsay. The Magistrate Judge also learned from this Background that Gary Rini, one of the experts on whom Hendrix relies, has been dead for several years. The Court cannot consider any of these Background "facts" for purposes of deciding the instant Motion.

Hendrix's Motion to Amend does not have an attached proposed amended petition. In the Amended Petition Hendrix filed[1], the following Grounds Eight and Nine are pleaded:

> **EIGHTH GROUND FOR RELIEF:** Trial Counsel provided Ineffective Assistance, in PreTrial Investigation, in Failing to Investigate, in failing to Consult Identifiable Medical Witnesses, to Support Hendrix' Claim of Self-Defense and Actual Innocence. The State Court Ruled Contrary to or unreasonably applied *Strickland*, and as such was Based on an Unreasonable Determination of Facts in light of The Evidence Presented in State Court.
> a. Failure to Investigate, Consult, and Compel Dr. Timothy Pritts.
> b. Failure to Discover, Investigate, and Consult Dr. Bryce Robinson.
> c. Failure to Discover, Investigate, and Consult Dr. Priya S. Prakash.
> d. Failure to Discover, Investigate, and Consult Dr.DA Millar.
> e. Failure to Discover, Investigate, and Consult Dr. Alex Chang.

---

[1] The Court struck the Amended Petition because it had been filed without consent of the opposing party or court permission.

> **NINTH GROUND FOR RELIEF:** Trial Counsel was Ineffective in Pre-Trial Investigation of States Witnesses, Failure to Submit Into Evidence Police Interview of States Witnesses False and Misleading Statements for Effective Cross-Examination and Impeachment, thereby Violating Due Process Right to Put On A Defense, In Support of Self-Defense and Actual Innocence.

(ECF No. 77, PageID 2196, 2220). As can readily be seen, both these Grounds assert ineffective assistance of trial counsel; no compulsory process or *Brady-Gilgio-Napue* claim is made or even adverted to.

28 U.S.C. § 2242 provides that a habeas corpus petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. *See also Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997)(citing *Foman* standard).

In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d

3

1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980); *United States ex rel. Antoon v. Cleveland Clinic Found.*, 978 F. Supp. 2d 880, 887 (S.D. Ohio 2013)(Rose, J.); *William F. Shea, LLC v. Bonutti Reseach Inc.*, 2011 U.S. Dist. LEXIS 39794, *28 (S.D. Ohio March 31, 2011) (Frost, J.).

Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman v. Davis*, 371 U.S. 178 (1962); *Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990); *Bach v. Drerup*, 2012 U.S. Dist. LEXIS 35574, *1 (Ovington, M.J.); *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), cert denied, 517 U.S. 112 (1996)(amendment should be denied if it "is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."). In *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994), the court repeated and explicated the *Foman* factors, noting that "[d]elay by itself is not a sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted. *Id.* at 130, quoting *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989). These considerations apply as well in capital habeas corpus cases. *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998), quoting *Brooks*.

**Statute of Limitations**

Leave to amend the Petition to add Grounds Eight and Nine as set forth above is DENIED

4

because the amendment would be futile: an amended petition with those two claims would be dismissable under Fed.R.Civ.P. 12(b)(6) because those claims are barred by the statute of limitations.

Hendrix argues the amendments are not barred by the statute of limitations:

> Also, Hendrix is not barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). the timeliness of the original petition (Doc. I) has not been questioned, the amendment would relate back to the filing date of that original Petition under Fed.R.Civ.P. 15(c)(l). The facts Hendrix plead[s] in his amended claims relate back to the facts supporting his original claim Three, bringing the amendment within the rule of *Mayle v. Felix,* 545 U.S. 644, 125 S.Ct. 2562, 162 L.Ed.2d 582, as interpreted in *Watkins v. Deangelo-Kipp,* 854 F.3d 846 (6th Cir. 2017), and *Cowan v. Stovall*, 645 F.3d 815 (6th Cir. 2011).

(Motion, ECF No. 74, PageID 2117).

The Magistrate Judge disagrees. Ground Three, as limited by Hendrix's Traverse, claims ineffective assistance of trial counsel (b) failing to use a peremptory challenge on a biased juror who counsel tried to strike for cause and (d) failure to present medical and ballistic and forensic witnesses. Ground Eight might survive a Rule 12(b)(6) motion because it appears to particularize the medical witnesses not presented[2]. Ground Nine, however, is entirely new subject matter not charged in the Petition. Hendrix mentions that the timeliness of his original Petition has not been challenged, but the pendency of that Petition since 2017 does not toll the statute. *Duncan v. Walker,* 533 U.S. 167 (2001).

---

[2] The Magistrate Judge is not offering a definitive ruling on this question which is better reserved for full briefing if Respondent moves to dismiss, if the Court eventually allows the amendment.

5

**Undue Delay**

Entirely apart from whether either proposed new ground would survive a limitations challenge, both are barred by Hendrix's extraordinary delay in presenting them. It has been more than five years since the Petition was filed; in January, 2024, it will have been ten years since the events in suit. If Petitioner were successful in this case, the best result he could expect would be a conditional writ requiring his re-trial and re-conviction. The malleability of human memory is a well-known phenomenon and no one's memory of specific events improves over time. The prejudice to the State's case at a re-trial is plain: while the major participants may still claim to have active memories of the night in question, that is very unlikely for witnesses who deal with cases such as this as part of their careers –police and medical personnel for example. Given the mobility of the American population, some witnesses may have moved from Ohio. For example, Hendrix has been unable to find Dr. Robinson. Some may have died – Hendrix advises that is true of Gary Rini, his proffered forensic expert.

Because of the plain prejudice to the State's case from the ten years' delay, the Motion to Amend is DENIED.

**Motion to Expand the Record**

Hendrix has also moved to expand the record to add those documents attached as exhibits to his Motion to Amend (ECF No. 75). This Court is barred from considering on the merits evidence which was not part of the record on which the state courts based their decisions. *Cullen*

6

*v. Pinholster*, 563 U.S. 170 (2011).  On that basis, the Motion to Expand is DENIED.

**Motion for Discovery**

Finally, the case is before the Court on Petitioner's Motion to Conduct Discovery (ECF No. 86).  "In particular, Mr. Hendrix seeks permission to serve Fed.R. Civ.P. interrogatories attached as Exhibit(s), on Springfield Townships Detectives Volz and Catron." *Id.* at PageID 2319.  Attached are sets of proposed interrogatories for Detectives Catron and Volz, but also for trial attorney John Forg, appellate attorney Joshua Thompson, post-conviction counsel Christopher Pagan, Dr. Frank Miller, and Dr. Brent Turvey.

A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion.  Rule 6(a), Rules Governing § 2254 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000).  Before determining whether discovery is warranted, the Court must first identify the essential elements of the claim on which discovery is sought.  *Bracy*, 520 U.S. at 904, *citing United States v. Armstrong*, 517 U.S. 456, 468 (1996).  The burden of demonstrating the materiality of the information requested is on the moving party.  *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), *cert. denied,* 537 U.S. 831 (2002), *citing Murphy v. Johnson,* 205 F.3d 809, 813-15 (5th Cir. 2000).  "Even in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or require an evidentiary hearing.'" *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003), *cert. denied,* 543 U.S. 842 (2004), *quoting Stanford*, 266 F.3d at 460.

7

Hendrix relies on Rule 6 of the Rules Governing § 2254 Proceedings, but Rule 6 has not been amended to reflect the result in *Pinholster*. At least one judge of this Court has held that habeas petitioners should not be permitted to conduct discovery if the results would be excluded by *Pinholster*. *Johnson v. Bobby*, 2018 U.S. Dist. LEXIS 44709 (S.D. Ohio Mar. 19, 2018)(Sargus, Ch. J.). On that basis, the Motion for Discovery is DENIED.

Additionally, the Court finds no excuse for the long delay in seeking discovery. While Hendrix mentions help received from others within the last week in formulating his proposed interrogatories, he does not explain why he waited so long to obtain that help or why it is fair to seek discovery from the proposed responders so many years after the events in question. On that basis as well, the Motion for Discovery is DENIED.

April 27, 2023.

s/ *Michael R. Merz*<br>United States Magistrate Judge