# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

D'JANGO HENDRIX,

       Petitioner,  :  Case No. 1:17-cv-623

- vs -  District Judge Douglas R. Cole
       Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
 Institution,

                    :
       Respondent.

## DECISION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner D'Jango Hendrix under 28 U.S.C. § 2254, is before the Court on Petitioner's Motion for Stay and Abeyance (ECF No. 117), filed and served January 26, 2024.  On the Court's order, the parties have briefed the Motion (Response in Opposition, ECF No. 120; Reply, ECF No. 125), making it ripe for decision.

**Petitioner's Motion**

Hendrix seeks a stay in order to exhaust his Third Ground for Relief[1] by litigating a delayed motion for new trial.  Hendrix had not filed that motion as of the date of filing his Motion for Stay

---

[1] Hendrix claims in his Third Ground that he received ineffective assistance of trial counsel when his trial attorney failed to present medical and forensic ballistics evidence (Motion, ECF No. 117, PageID 2731, n. 1).

1

and has not done so as of the filing of this Order. Instead, he requested that he be given sixty days "from District Judge Cole's Decision and Order" to do so (ECF No. 117, PageID 2736). Presumably he means sixty days from whenever Judge Cole decides any objections Hendrix may file to a Magistrate Judge's order denying the stay. He says he will file a Motion for Leave to File New Trial [Motion] Instanter pursuant to Crim. R. 33 (A)(1), [and] (E)(5), in the Hamilton County Common Pleas Court and present in that new trial motion the following Grounds for Relief:

> **One:** Trial counsel was ineffective for failing to present medical and ballistic forensic witnesses.
>
> **Two:** Trial Counsel was ineffective for failure to Investigate, Compel the testimony of Dr. Timothy Pritts.
>
> **Three:** Trial Counsel was ineffective for failure to Discover, Investigate, Compel the testimony of Dr. Bryce Robinson.
>
> **Three:**[sic] Trial Counsel was ineffective for failure to Discover, Investigate, Compel the testimony of Dr. Alex Chang.
>
> **Four:** Trial Counsel was ineffective for failure to Discover, Investigate, Compel the testimony of Dr. D A Millar.
>
> **Five:** Trial Counsel was ineffective for failure to Discover, Investigate, Compel the testimony of Dr. Priya S. Prakas.
>
> **Six**: Trial counsel was ineffective for failing to investigate and present expert on bullet trajectories

(Motion, ECF No. 117, PageID 2735). Hendrix relies on *State v. Bethel*, 167 Ohio St. 3d 362 (2022), as the case that makes available the remedy he now seeks to exhaust.

**The Warden's Response in Opposition**

The Respondent opposes the Motion for Stay. He acknowledges that *Bethel* "recently

cleared away some of the procedural hurdles to having new evidence considered in a delayed motion for a new trial." (Response, ECF No. 120, PageID 2782). However, he asserts Hendrix cannot meet the remaining hurdles because his motion for new trial will be meritless and he cannot meet the remaining timeliness standard under Ohio law.

**Petitioner's Reply**

Hendrix replies in support of his Motion for Stay that his new evidence has merit and that he was unavoidably prevented from discovering this evidence by the ineffective assistance of his trial counsel (ECF No. 125).

## Analysis

Ohio Rule of Criminal Procedure 33 provides in pertinent part:

> A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
>
> (1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial; . . .
>
> (6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such

> length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.
>
> (B) Motion for new trial; form, time. Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.
>
> Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.
>
> (E) Invalid grounds for new trial. No motion for a new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court because of: . . .
>
> (5) Any other cause, unless it affirmatively appears from the record that the defendant was prejudiced thereby or was prevented from having a fair trial.

Crim. R. 33 in this form was adopted by the Ohio Supreme Court pursuant to its authority to make rules under the Modern Courts Amendment and became effective July 1, 1973. It has remained in effect in its original form since adoption. Nonetheless a number of Ohio courts had engrafted onto this language a requirement that a motion for new trial must be presented within a "reasonable time" after verdict. Respecting that "reasonable time" requirement, the Supreme Court held in *Bethel*:

4

{¶ 51} Another preliminary issue is whether Bethel waited too long to file his motion for leave. As noted above, Bethel's counsel acknowledges that Bethel may have obtained Summary 86 in 2008. At the latest, Bethel discovered the document in May 2017, when Withers provided him with an affidavit reiterating the statement Withers had made to investigators. This means that there was a delay of at least 16 months—and perhaps much longer—between the discovery of Summary 86 and the filing of the motion for leave.

{¶ 52} The court of appeals held that it was within the trial court's discretion to deny Bethel's motion for leave because this delay was unreasonable. 2020-Ohio-1343 at ¶ 24. In so holding, the court of appeals followed a rule adopted by most other courts of appeals— that under Crim.R. 33(B), a defendant seeking leave to file a motion for a new trial must do so within a reasonable period of time after discovering the new evidence on which he relies. *Id.* at ¶ 19; *see also State v. Thomas*, 2017-Ohio-4403, 93 N.E.3d 227, ¶ 8 (1st Dist.) (collecting cases).

{¶ 53} Crim.R. 33(B) does not give a deadline by which a defendant must seek leave to file a motion for a new trial based on the discovery of new evidence. The rule states only that a defendant must show that he was "unavoidably prevented from the discovery of the evidence upon which he must rely." Courts nevertheless have concluded that a convicted defendant must file a motion for leave within a reasonable period of time after discovering the new evidence, to prevent defendants from deliberately delaying filing the motion "in the hope that witnesses would be unavailable or no longer remember the events clearly, if at all, or that evidence might disappear." *State v. Stansberry,* 8th Dist. Cuyahoga No. 71004, 1997 WL 626063, *3 (Oct. 9, 1997). Bethel offers several reasons why we should reject this rule. He argues that the rule discourages defendants from conducting full investigations before seeking a new trial, ignores the fact that defendants often lack the resources necessary to seek relief promptly after discovering new evidence, and wrongly assumes that defendants will delay filing a motion simply to gain an evidentiary advantage at a potential new trial.

{¶ 54} We need not weigh the pros and cons of requiring defendants to seek leave to file a delayed motion for a new trial within a reasonable time after discovering new evidence. We instead must examine whether the Rules of Criminal Procedure permit trial courts to impose this additional hurdle on criminal defendants. In doing so, we apply general principles of statutory construction. *See State ex*

5

*rel. Office of Montgomery Cty. Pub. Defender v. Rosencrans*, 111 Ohio St.3d 338, 2006-Ohio-5793, 856 N.E.2d 250, ¶ 23. Those principles instruct that our role is to apply the language in Crim.R. 33(B) as written "without adding criteria not supported by the text." *State v. Taylor*, 161 Ohio St. 3d 319, 2020-Ohio-3514, 163 N.E.3d 486, ¶ 9.

{¶ 55} Crim.R. 33(B), again, does not establish a time frame in which a defendant must seek leave to file a motion for a new trial based on the discovery of new evidence. Courts have justified imposing a reasonable-time filing requirement by relying on Crim.R. 1(B) and 57(B). *See, e.g.*, *Thomas*, 2017-Ohio-4403, 93 N.E.3d 227, at ¶ 8; *State v. York*, 2d Dist. Greene No. 2000 CA 70, 2001 WL 332019, *3-4 (Apr. 6, 2001). But neither of those rules supports the imposition of a reasonable-time filing requirement.

{¶ 56} Crim.R. 1(B) provides that the Rules of Criminal Procedure "shall be construed and applied to secure the fair, impartial, speedy, and sure administration of justice, simplicity in procedure, and the elimination of unjustifiable expense and delay." Requiring a defendant to seek leave to file a motion for new trial within a reasonable period of time after discovering the new evidence could help to further some of these objectives, most notably the elimination of delay. But that does not mean that Crim.R. 1(B) authorizes a court to narrow a defendant's opportunity to seek a new trial. Crim.R. 1(B) instructs courts to *construe* Crim.R. 33(B)—that is, to explain its meaning. In requiring defendants to seek leave within a reasonable time after discovering new evidence, courts have not construed Crim.R. 33(B); they have simply added a requirement that makes sense to them. Crim.R. 1(B) does not authorize the creation of a new requirement that has no foundation within Crim.R. 33(B) itself.

{¶ 57} Crim.R. 57(B) also does not support the creation of a reasonable-time filing requirement. Crim.R. 57(B) provides that "[i]f no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists." Crim.R. 33(B), of course, already prescribes the circumstances under which a defendant may seek leave to file a motion for a new trial. Crim.R. 57(B) does not authorize a court to establish a new procedure when a rule of criminal procedure already governs.

6

> **{¶ 58}** We hold that the court of appeals erred when it held that it was within the trial court's discretion to deny Bethel's motion for leave based on Bethel's failure to file the motion within a reasonable time after discovering Summary 86.

*Bethel, supra.* Based on *Bethel*, Hendrix's proposed Motion for Leave to File a Delayed Motion for New Trial Instanter will not have to satisfy a "reasonable time" standard.

However, it will have to satisfy the "unavoidably prevented from discovery" standard which is in the text of Rule 33 and reinforced by *Bethel*. Hendrix has done little in his current motion papers to show he can meet that standard and Respondent argues he has not succeeded.

Respondent notes Hendrix is not making a claim under *Brady v. Maryland*, 373 U.S. 83 (1963), that the State suppressed any of the evidence he now seeks to present. A *Brady* claim was at the heart of *Bethel*, and such a claim obviously gives a petitioner a leg up on the "unavoidably prevented" test. Hendrix does not have that advantage.

District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. *Rhines v. Weber*, 544 U.S. 269 (2005). However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .

7

> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id.* at 277-278. "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Id*.

Hendrix has not established good cause for his delay in seeking a new trial and the docket shows intentionally dilatory litigation tactics. He filed this case in September 2017, more than six years ago (Petition, ECF No. 1). He filed a Motion to Hold in Abeyance the same day (ECF No. 2). On Petitioner's motion, the case was stayed to permit exhaustion from September 15, 2018, until April 2, 2020 (ECF Nos. 15, 20). On August 31, 2021, District Judge Black again stayed the case to permit exhaustion (ECF No. 37). In June, 2022, the Magistrate Judge reference was transferred to the undersigned who dissolved the stay, again at Petitioner's request (ECF No. 40). After a good deal more motion practice regarding timing, Petitioner finally filed his Traverse (Reply) on April 17, 2023 (ECF No. 79). The undersigned then filed a dispositive Report and Recommendations on May 5, 2023 (ECF No. 88), and after recommittal a Supplemental Report reaching the same conclusion (ECF No. 107). Petitioner finally filed Objections after four extensions of time to do so (ECF No. 116). This rendered the case ripe for decision by Judge Cole until Hendrix filed the instant third motion for stay.

During all this time Hendrix has not filed for leave to file a new trial motion in the Common Pleas Court. Although his most recent report from Frank Miller is dated the day before this motion, he had an original report from Miller in 2019 and, as Respondent points out, the new report adds

8

little or nothing. He has had the admissions[2] from trial attorney Forg on which he relies to prove ineffective assistance of trial counsel even longer (See Motion for Post-Conviction Relief, State Court Record, ECF No. 24).

Whether his Motion for Leave to File a Delayed Motion for New Trial is likely to succeed is a question which ought to be decided in the first instance by the Ohio courts which will also have to decide if he was unavoidably prevented from filing that motion. If those courts eventually grant him a new trial and he is acquitted, the case will be over. If they grant him a new trial and he is again convicted, the statute of limitations will run from the finality of that judgment and he will be able to file a new petition for habeas corpus without satisfying the second or successive hurdle. If his Motion for New Trial is denied and this case has been decided adversely to his claims in the meantime, he will indeed be barred by the statute of limitations from amending the Petition in this case. But that will be a direct consequence of his own lack of diligence in pursuing these claims. The Court is not required to protect Petitioner's ability to litigate by granting repeated stays.

Petitioner's Motion for Stay and Abeyance is DENIED.

March 14, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[2] The purported Affidavit from Attorney Forg attached to the instant Motion is partial, unsigned, and not otherwise authenticated.